771 So.2d 1275 (2000)
James JOHNSON, Appellant,
v.
Kari RUBY, n/k/a Kari Post, Appellee.
No. 4D99-4389.
District Court of Appeal of Florida, Fourth District.
November 29, 2000.
Michael J. Mortell of J.D. Lewis, III & Associates, Stuart, for appellant.
William T. Hess of Hess & Heathcock, Stuart, for appellee.
SHAHOOD, J.
James Johnson (Johnson) appeals the order dismissing his Petition to Establish Paternity, Child Custody, and Child Support. We affirm.
Johnson filed a Petition to Establish Paternity, Child Custody, and Child Support regarding the alleged unborn child of Kari Post (Post), formerly known as Kari Ruby. Johnson alleged that he is the natural father of the child, although he and Post had never been married. Post filed a motion to dismiss the petition asserting that she is married and believes that her husband, Michael Post, is the father of Cameron Michael Post, the child who was born on October 8, 1999.
Following a hearing, the court dismissed the action on the basis that Johnson has no standing. The trial court found that:
1. Johnson and Post had sexual relations.
2. Post then married Michael Post on September 5, 1999.
3. On September 17, 1999, Johnson filed the petition to establish paternity.
4. On October 8, 1999, the child was born.
Section 742.011, Florida Statutes (1999) states,
Any woman who is pregnant or has a child, any man who has reason to believe that he is the father of a child, or any child may bring proceedings in the circuit court, in chancery, to determine the paternity of the child when paternity has not been established by law or otherwise.
Johnson claims he has reason to believe he is the father of Post's child because he and Post had sexual relations around the time of conception; therefore, the court erred in dismissing the petition. The prevailing law in this state, however, is that a putative father has no right to seek to establish paternity of a child who was born into an intact marriage when the married woman *1276 and her husband object. See I.A. v. H.H., 710 So.2d 162 (Fla. 2d DCA 1998); G.F.C. v. S.G. and D.G., 686 So.2d 1382 (Fla. 5th DCA 1997). Rather, under such circumstances, the husband of the mother is presumed to be the child's biological father; at a minimum, he is the child's legal father. See § 382.013(2)(a), Fla. Stat. (1999)("If the mother is married at the time of birth, the name of the husband shall be entered on the birth certificate as the father of the child, unless paternity has been determined otherwise by a court of competent jurisdiction."); see also G.F.C., 686 So.2d at 1385 (Paternity is "otherwise" established when a child is born to an intact marriage and recognized by the husband and the mother as being their child).
Pursuant to the current state of the law, Johnson has no cause of action. Thus, the trial court correctly dismissed his petition because it had no authority to entertain it. See I.A.
AFFIRMED.
GROSS, J., concurs.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
I agree with the majority. I am writing only to add that, when the mother filed a motion to dismiss appellant's petition, she also filed an affidavit signed by her and her husband which included the following:
7. That Kari Post and Michael Post both believe that he is the father of this child and that Kari Post has never stated to James Johnson, the petitioner, that he is the father of the child.
8. That Petitioner, James Johnson, has no relationship with the child and has never seen the child.
9. That her husband Michael Post acknowledges that he is the father of the child; is a very good father to the child and is in no way deficient in carrying out any of his responsibilities as the child's father.
10. That even if the Posts were to ever one day divorce, Michael Post would not deny that he is the father of the child, Cameron Michael Post and he waives any further rights he may have to deny that he is the child's biological and legal father and obligates himself to pay support for the child whether the parties are married or divorced.
When a mother is not married until shortly before she gives birth, it raises concern about sham marriages entered into primarily to circumvent a claim by a biological father. Mr. Post's affidavit eases that concern, because it waives his right to contest his obligations if this marriage does not endure.