815 So.2d 721 (2002)
Maida BELLOMO and John Bellomo, Petitioner,
v.
Kenneth S.J. GAGLIANO, Respondent.
No. 5D01-1667.
District Court of Appeal of Florida, Fifth District.
April 26, 2002.
Ronald L. Sims, Orlando, for Petitioner.
Hal Roen, of Hal Roen, P.A., Winter Park, for Respondent.
GRIFFIN, J.
Petitioners, Maida and John Bellomo, seek certiorari review of an order denying their motion to dismiss the paternity action filed by respondent, Kenneth S.J. Gagliano.
Petitioners have been continuously married since 1994. Maida Bellomo began a relationship with respondent, John Gagliano ["Gagliano"] in 1998, which lasted into 2000. On January 30, 2000, Maida Bellomo gave birth to a child, J.P. [hereafter "the child"]. Petitioners have two other children. On February 13, 2001, Gagliano filed a petition to be declared the legal father of the child and for shared parental responsibility, visitation and child support, claiming to be the biological father of the child. He alleged that he had had an affair with Maida Bellomo which resulted in the child's conception, that he had visited the child regularly since he was born until denied visitation in mid-January 2001, that his family had also met the child and that he had attempted to contribute financially to the child's care.
In response, petitioners filed a verified motion to dismiss, stating that petitioner John Bellomo's name is listed as father on the child's birth certificate, that he has filed an affidavit of paternity of the child, that petitioners consider the child to be theirs and that there is no evidence that he is not. Petitioners argued that it is in the best interests of the child that the paternity petition be dismissed and that respondent has no right to file a paternity action in light of the presumption of legitimacy. An amended petition was also filed. Petitioners both filed affidavits of paternity acknowledging that John Bellomo is the natural father of the child.
On April 30, 2001, the trial court denied petitioners' amended motion to dismiss because "the Petition alleges a relationship developed over the period of approximately a year between the Petitioner [Gagliano] and the child."
Petitioners contend that the trial court's order is a departure from the essential requirements of law causing irreparable *722 harm because the order allows the trial court to hear a matter outside its statutory jurisdiction and unduly violates their right to privacy under Article I, section 23 of the Florida Constitution.
In G.F.C. v. S.G., 686 So.2d 1382 (Fla. 5th DCA 1997), this court held, in circumstances such as in this case, that where a child is born to an intact marriage and is recognized by the husband and wife as their child, the husband is deemed the legal father to the exclusion of all others and a man claiming to be the child's biological father has no common law, statutory or constitutional right to sue for paternity. The court expressly held that section 742.011 does not extend to permit the alleged biological father of a child born of an intact marriage to sue for a determination of paternity. See also Johnson v. Ruby, 771 So.2d 1275 (Fla. 4th DCA 2000) (prevailing law in Florida is that putative father has no right to seek to establish paternity of child born into intact marriage when mother and her husband object); S.B. v. D.H., 736 So.2d 766 (Fla. 2d DCA 1999) (putative biological father cannot maintain paternity action conceived by married woman when both woman and her husband object); I.A. v. H.H., 710 So.2d 162 (Fla. 2d DCA 1998) (biological father has no right to bring action for paternity of child of intact family or where child born before marriage was acknowledged by husband).
Respondent urges, however, that an exception to this rule was recognized in G.F.C. where the putative father alleges that he has developed a relationship with the child born during an intact marriage. The court in G.F.C. noted, "parenthetically", that a putative father might have a right to pursue an adjudication of paternity under the due process clause of the Florida constitution where it is alleged that a relationship between the putative father and the child has developed. 686 So.2d at 1386. See also Fernandez v. McKenney, 776 So.2d 1118, 1121 (Fla. 5th DCA 2001)(Sharp, J., concurring)(man claiming to be biological father of child born during marriage may have right to bring paternity action under due process clause of state constitution if there is established relationship with child and legal father is remiss in fulfilling role). Whatever the contours of such a hypothetical right, they are not reached in this case.
We conclude the trial court's order constitutes a departure from the essential requirements of law causing sufficient irreparable harm to justify certiorari review. We grant the writ and quash the trial court's order.
WRIT GRANTED.
SAWAYA and PALMER, JJ., concur.