843 So.2d 984 (2003)
Pastor TIJERINO, Appellant,
v.
Derlin P. ESTRELLA, Appellee.
No. 3D02-1390.
District Court of Appeal of Florida, Third District.
April 30, 2003.
Solangel Verde, Hialeah, for appellant.
*985 Pierce E. Rivera, for appellee.
Before GERSTEN, FLETCHER, and SHEVIN, JJ.
GERSTEN, Judge.
We affirm the order below finding the trial court properly dismissed the appellant's paternity suit. A putative father does not have standing to seek to establish paternity of a child, where the child was born into an intact marriage, and where the married woman and her husband object to the paternity action. See Johnson v. Ruby, 771 So.2d 1275 (Fla. 4th DCA 2000); I.A. v. H.H., 710 So.2d 162 (Fla. 2d DCA 1998); G.F.C. v. S.G., 686 So.2d 1382 (Fla. 5th DCA 1997).
The presumption of the legitimacy of a child born in wedlock is one of the strongest presumptions known to the law and is deeply rooted in this Nation's history and tradition; statutes preserving this presumption do not violate constitutional rights. See Michael H. v. Gerald D., 491 U.S. 110, 124, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989)("[T]he Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition.").
We decline the appellant's invitation to depart from the well established authority in this State and others, which recognizes the importance of preserving the legitimacy of a child born in wedlock. See G.F.C. v. S.G., 686 So.2d at 1382. Opening the door to unfettered challenges to the sanctity of marriage, as well as to the potential for baseless and intrusive paternity challenges, is not in the best interests of our children.
Affirmed.