# Third District Court of Appeal

## State of Florida

Opinion filed October 10, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1731
Lower Tribunal No. 17-1358
_____

**Francisco X. Martinez,**
Appellant,

vs.

**Maria Guadalupe Valerio and Antonio Ortega,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Yinet Pino P.A., and Yinet Pino; A. Fiallo Law Office, and Arnaldo Fiallo, for appellant.

Cristobal D. Padron & Assoc. P.A., and Cristobal D. Padron, for appellees.

Before SALTER, EMAS, and LOGUE, JJ.

LOGUE, J.

ON MOTION FOR REHEARING

Upon consideration of Appellant Francisco X. Martinez's Motion for Rehearing, we withdraw this Court's opinion issued June 27, 2018, based on the Supreme Court of Florida's opinion in Simmonds v. Perkins, 247 So. 3d 397 (Fla. 2018), and substitute the following opinion in its stead.[1]

Appellant sought review of the entry of an order dismissing his paternity petition under Tijerino v. Estrella, 843 So. 2d 984 (Fla. 3d DCA 2003) ("A putative father does not have standing to seek to establish paternity of a child, where the child was born into an intact marriage, and where the married woman and her husband object to the paternity action."), without first conducting an evidentiary hearing to determine whether he had standing to maintain the petition. This Court affirmed.

In Simmonds, the Supreme Court of Florida disapproved Tijerino and unequivocally opined that "the presumption of legitimacy is rebuttable," and "does not bar an action to prove paternity at the outset." Simmonds, 247 So. 3d at 403. Rather, to maintain a paternity petition where the presumption of legitimacy is in question, one must establish standing to bring the action; meaning "the biological father of a married woman's children has the right to bring an action to establish his parental rights as the father as long as he has 'manifested a substantial and

_____

[1] The Supreme Court of Florida's opinion in Simmonds issued on June 28, 2018. On July 2, 2018, this Court issued an order directing the parties to address the impact of Simmonds. Appellees Maria Guadalupe Valerio and Antonio Ortega filed a Confession of Error in response.

2

continuing concern for the welfare of the children.' " <u>Id.</u> at 401, 402 (quoting <u>Kendrick v. Everheart</u>, 390 So. 2d 53, 61 (Fla. 1980)).

Accordingly, we withdraw this Court's opinion issued June 27, 2018, grant Appellant's Motion for Rehearing, and reverse and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.